UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GRISELLE WOLKA | : | CIVIL ACTION NO. |
| Plaintiff, | : | |
| v. | : | |
| WATERTON RESIDENTIAL, LLC | : | |
| Defendant. | : | AUGUST 24, 2018 |

## NOTICE OF REMOVAL

TO:  THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT

1. Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Waterton Residential, LLC ("Waterton" or "Defendant"), through the undersigned counsel, hereby notices the removal of this action to the United States District Court for the District of Connecticut. As grounds in support of this Notice of Removal, Waterton states the following:

### I.     TIMELINESS OF REMOVAL

2. On or about July 24, 2018, Plaintiff Griselle Wolka ("Plaintiff") filed a civil action against Waterton in the Superior Court of Connecticut, Judicial District of Stamford, Docket No. FST-CV18-6037511-S (the "Complaint"). Copies of the Summons and Complaint are attached hereto as Exhibit A, pursuant to 28 U.S.C. § 1446(d). These are the only process, pleadings, or orders known by Waterton to have been served in this action.

3. Waterton was served with a copy of the Summons and Complaint on July 25, 2018.

4. Accordingly, pursuant to 28 U.S.C. § 1446(b), this Notice of Removal has been timely filed within 30 days after service of process on Waterton.

## II. VENUE

5. The Superior Court of Connecticut, Judicial District of Stamford, is located within the United States District Court for the District of Connecticut. 28 U.S.C. § 86. Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## III. BASIS FOR REMOVAL: DIVERSITY JURISDICTION

6. This action is properly removable under 28 U.S.C. §1441(a), because the United States District Court has original jurisdiction in this case under 28 U.S.C. §1332(a), which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States. . . ."

### A. AMOUNT IN CONTROVERSY

7. As set forth above, diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . . . ."

8. Count One of Plaintiff's Complaint alleges that Waterton discriminated against her on the basis of her race and national origin in violation of the Connecticut Fair Employment Practice Act, Conn. Gen. Stat. § 46a-60 ("CFEPA"). Count Two of Plaintiff's Complaint alleges that Waterton discriminated against her on the basis of a claimed disability in violation of the CFEPA. Count Three of Plaintiff's Complaint alleges that Waterton retaliated against her in violation of the CFEPA.

9. Plaintiff's rate of pay was $19.89 per hour and her position was full-time. Thus, her expected yearly income was approximately $41,371, not including benefits. Plaintiff's employment with Waterton terminated on or around July 12, 2017. Based on the likely date of a trial in this

matter, Plaintiff's claim for back pay damages alone will likely exceed $75,000.00 if she is successful at trial.

10. Additionally, Plaintiff is represented by counsel and is seeking attorneys' fees. Where, as here, attorneys' fees are potentially recoverable, such fees may be used to satisfy the amount in controversy requirement. *See Kimm v. KCC Trading, Inc.*, No. 10-4880, 2012 WL 171503, at *1 (2nd Cir. Jan. 23, 2012).

11. Accordingly, pursuant to 28 U.S.C. §1446(c)(2)(B), although Waterton does not concede or admit that Plaintiff suffered any damages, or that it is liable for any claimed damages, removal is proper because, based upon the preponderance of the evidence, the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

**B.    DIVERSITY OF CITIZENSHIP**

12. According to Plaintiff's Complaint, Plaintiff is a resident and citizen of the state of Connecticut. (Paragraph 1 of Plaintiff's Complaint.)

13. Waterton is a Delaware limited liability company with its principal place of business located in Illinois. Its sole member is Waterton Associates L.L.C., an Illinois limited liability company with a principal place of business in Illinois. None of Waterton Associates L.L.C.'s members are Connecticut citizens. Thus, under 28 U.S.C. § 1332, Waterton is not a citizen of Connecticut.

14. Therefore, complete diversity exists between the named parties under 28 U.S.C. § 1332, as Waterton is not a citizen of the same state as Plaintiff.

**IV.    CONCLUSION**

15. To date, Waterton has not filed a responsive pleading in Plaintiff's state court action, and no other proceedings have transpired in that action.

16. Pursuant to 28 U.S.C. § 1446, a copy of this Notice of Removal has been served upon all adverse parties and upon the Clerk of the State Court.

17. By removing this matter, Waterton does not waive or intend to waive any defense that may be available to it.

WHEREFORE, Defendant Waterton Residential, LLC respectfully requests that this Honorable Court take jurisdiction of this action and issue all necessary orders and process to remove said action from the Superior Court of Connecticut, Judicial District of Stamford, to the United States District Court for the District of Connecticut.

>DEFENDANT,
>WATERTON RESIDENTIAL, LLC
>
>By: /s/ *Kelly M. Cardin*
>Marc L. Zaken (CT19902)
>marc.zaken@ogletree.com
>Kelly M. Cardin (CT29162)
>kelly.cardin@ogletree.com
>Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
>281 Tresser Blvd., Suite 602
>Stamford, CT 06901
>Telephone: 203.969.3100
>Fax: 203.969.3150

4

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2018, a copy of the foregoing was served by U.S. Mail, postage prepaid to:

Matthew D. Paradisi
Cicchiello & Cicchiello, LLP
364 Franklin Avenue
Hartford, CT 06114

By: /s/ *Kelly M. Cardin*
Kelly M. Cardin

35239267.1

# EXHIBIT A

## SUMMONS - CIVIL

JD-CV-1 Rev 10-15
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259; P.B. §§ 3-1 through 3-21, 8-1, 10-13

STATE OF CONNECTICUT
### SUPERIOR COURT
www.jud.ct.gov



See other side for instructions

"X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
**x** "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
"X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed (Number, street, town and zip code) (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk (with area code) | Return Date (Must be a Tuesday) |
|---|---|---|
| 123 Hoyt Street, Stamford 06905 | ( 203 ) 965-5308 | AUGUST 28, 2018 |

| | | At (Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349) | Case type code (See list on page 2) |
|---|---|---|---|
| **X** Judicial District | G.A. Number | Stamford | Major: M   Minor: 90 |
| Housing Session | | | |

For the Plaintiff(s) please enter the appearance of:

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (to be entered by attorney only) |
|---|---|
| Cicchiello & Cicchiello, LLP, 364 Franklin Avenue, Hartford, CT 06114 | 419987 |

| Telephone number (with area code) | Signature of Plaintiff (If self-represented) |
|---|---|
| ( 860 ) 296-3457 | |

The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. **X** Yes ☐ No

Email address for delivery of papers under Section 10-13 (if agreed to):
mparadisi@cicchielloesq.com

Number of Plaintiffs: 1    Number of Defendants: 1    ☐ Form JD-CV-2 attached for additional parties

| Parties | Name (Last, First, Middle Initial) and Address of Each party (Number; Street; P.O. Box; Town; State; Zip; Country, if not USA) | |
|---|---|---|
| First Plaintiff | Name: WOLKA, GRISELLE<br>Address: 184 SUMMER STREET, APT 1104, STAMFORD, CT 06901 | P-01 |
| Additional Plaintiff | Name:<br>Address: | P-02 |
| First Defendant | Name: WATERTON RESIDENTIAL, L.L.C. - 30 S. WACKER DRIVE, SUITE 3600, CHICAGO, IL, 60606<br>Address: AGENT: C T CORPORATION SYSTEM, 67 BURNSIDE AVE, EAST HARTFORD, CT 06108-3408 | D-01 |
| Additional Defendant | Name:<br>Address: | D-02 |
| Additional Defendant | Name:<br>Address: | D-03 |
| Additional Defendant | Name:<br>Address: | D-04 |

## Notice to Each Defendant

1. YOU ARE BEING SUED. This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. The Clerk of Court is not allowed to give advice on legal questions.

| Signed (Sign and "X" proper box) | **X** Commissioner of the Superior Court<br>☐ Assistant Clerk | Name of Person Signing at Left<br>Matthew D. Paradisi | Date signed<br>07/24/2018 |
|---|---|---|---|

If this Summons is signed by a Clerk:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint.

For Court Use Only
File Date

| I certify I have read and understand the above | Signed (Self-Represented Plaintiff) | Date | Docket Number |
|---|---|---|---|

(Page 1 of 2)

| | | |
|---|---|---|
| RETURN DATE: AUGUST 28, 2018 | : | SUPERIOR COURT |
| GRISELLE WOLKA | : | J.D. OF STAMFORD |
| VS. | : | AT STAMFORD |
| WATERTON RESIDENTIAL, LLC | : | JULY 24, 2018 |

## COMPLAINT

**COUNT ONE:** **RACE/NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF CONN. GEN. STAT. § 46A-60(B)(1)**

1. Plaintiff, Griselle Wolka ("Plaintiff"), was at all times set forth herein, and remains, a resident of the City of Stamford in the State of Connecticut.

2. The Defendant in this matter is Waterton Residential, LLC ("Defendant"), a foreign corporation with a business address of 30 S. Wacker Drive, Suite 3600, Chicago, IL 60606. Defendant is licensed and transacting business in the State of Connecticut, and owns and/or manages a residential apartment complex at 75 Tresser Boulevard, in Stamford, Connecticut.

3. Plaintiff is Hispanic and Dominican.

4. Plaintiff suffers from one or more disabilities, including diagnoses of migraine headaches, rheumatoid arthritis, and anxiety. Said disabilities significantly impact one or more of Plaintiff's major life activities; Plaintiff has a history or record of her disabilities and/or medical conditions; and/or Defendant perceived Plaintiff as disabled.

5. Plaintiff commenced her employment with Defendant in or about October of 2014 and worked as a leasing specialist with Defendant through July of 2015, at which point she left the employ of Defendant voluntarily. Plaintiff subsequently became

reemployed with Defendant in September of 2016 as a leasing specialist, working at Defendant's Tresser Boulevard, Stamford property.

6.     In or about November of 2016, Plaintiff confided in her supervisor, Alexandra Bond—Defendant's Assistant Community Manager—that she suffers from migraines, rheumatoid arthritis, and anxiety, which affects her ability to concentrate and causes Plaintiff to become overwhelmed easily.

7.     In response to Plaintiff informing Bond of the aforesaid, Bond replied, stating, in words or substance, that Plaintiff need to "control her emotions."

8.     Since Plaintiff conveyed her diagnoses to Bond in November 2016, Bond became overly scrutinizing of Plaintiff's performance, and began reprimanding Plaintiff for things which she had not reprimanded her prior to being informed of Plaintiff's diagnoses.

9.     By way of example, in or about April of 2017, Bond issued Plaintiff a written discipline for sending an email to schedule a potential leaser while not punched in. Prior to Plaintiff having confided in Bond with respect to her diagnoses, Bond did not issue any such disciplines, despite Plaintiff and others frequently engaging in that practice.

10.    Bond, throughout the course of Plaintiff's tenure with Defendant, would also frequently make inappropriate comments directed at Plaintiff's national origin and ethnicity.

11.    By way of example, on or about June 5, 2017, Bond state to Plaintiff, in words or substance, that Plaintiff did not "have hair like a typical Dominican person."

12. In another instance, Bond asked Plaintiff if she was handling a Hispanic gentleman's situation, stating to Plaintiff, in words or substance, "Hey, are you handling that Juan Martinez guy? I though because you're Spanish and he's Spanish, you guys could talk in your own language."

13. On or about June 21, 2017, Plaintiff complained to Defendant's Regional Manager, Jennifer Gartner, that Plaintiff believed that Bond was treating Plaintiff disparately on account of her anxiety.

14. Thereafter, Plaintiff met with Gartner to discuss her concerns, and conveyed to Gartner, in words or substance, that she did not want to be "singled out because of [her] anxiety." In response, Gartner conveyed to Plaintiff, in words or substance, that she needed to "get better at controlling [her] emotions" and "not letting people see that you're not feeling well."

15. Thereafter, on or about July 6, 2017, Defendant issued Plaintiff a written discipline for purportedly "huffing and puffing."

16. Shortly thereafter, Plaintiff complained to Defendant in an email concerning the write up, concerning the aforesaid inappropriate commentary directed at her Hispanic and Dominican background, and discrimination on account of her anxiety.

17. The following day, on or about July 7, 2017, Plaintiff communicated to Defendant that she had been hospitalized due to her migraine headaches and a flare up of the symptoms associated with her anxiety.

18. Defendant thereafter instructed Plaintiff to take the weekend off, on July 8-9, 2017.

3

19. After her regularly scheduled days off on July 10-11, 2017, Plaintiff reported to work on July 12, 2017, whereupon she was called into Gartner's, and Gartner communicated to Plaintiff that her employment was being terminated. Gartner stated to Plaintiff at this juncture, in words or substance, "In light of what happened over these past few days, the company has decided to terminate you, and today is your last day."

20. Defendant discriminated against Plaintiff in the terms and conditions of her employment on account of her Hispanic and Dominican background, on account of her disabilities or the Defendant's perception of Plaintiff as disabled, and further retaliated against Plaintiff of account of her opposition to Defendant's unlawful and discriminatory employment practices, culminating in the termination of Plaintiff's employment.

21. Plaintiff filed a timely administrative complaint against Defendant based on the foregoing facts with the Connecticut Commission on Human Rights and Opportunities. Thereafter, Plaintiff received a Release of Jurisdiction letter, a copy of which is attached hereto as EXHIBIT A. This Action is brought within 90 days of receipt of said letter. As such, this Action is timely and Plaintiff has exhausted her administrative remedies.

22. As a result of Defendant's unlawful conduct, as aforesaid, Plaintiff has sustained lost wages and benefits of employment, has been deprived of the benefits of gainful employment into the future, has sustained significant emotional distress damages, and has incurred attorneys' fees and costs in order to secure her rights as guaranteed under the Connecticut Fair employment Practices Act.

COUNT TWO:   DISABILITY DISCRIMINATION IN VIOLATION OF CONN. GEN. STAT. § 46A-60(A)(1)

1. Paragraphs 1 through 19 of Count One are hereby repeated and re-alleged as Paragraphs 1 through 19 of this Count Two as if fully set out herein.

20. Defendant discriminated against Plaintiff in the terms and conditions of her employment on account of her Hispanic and Dominican background, on account of her disabilities or the Defendant's perception of Plaintiff as disabled, and further retaliated against Plaintiff of account of her opposition to Defendant's unlawful and discriminatory employment practices, culminating in the termination of Plaintiff's employment.

21. Plaintiff filed a timely administrative complaint against Defendant based on the foregoing facts with the Connecticut Commission on Human Rights and Opportunities. Thereafter, Plaintiff received a Release of Jurisdiction letter, a copy of which is attached hereto as EXHIBIT A. This Action is brought within 90 days of receipt of said letter. As such, this Action is timely and Plaintiff has exhausted her administrative remedies.

22. As a result of Defendant's unlawful conduct, as aforesaid, Plaintiff has sustained lost wages and benefits of employment, has been deprived of the benefits of gainful employment into the future, has sustained significant emotional distress damages, and has incurred attorneys' fees and costs in order to secure her rights as guaranteed under the Connecticut Fair employment Practices Act.

COUNT THREE:   RETALIATION IN VIOLATION OF CONN. GEN. STAT. § 46A-60(B)(4)

1. Paragraphs 1 through 19 of Count One are hereby repeated and re-alleged as Paragraphs 1 through 19 of this Count Three as if fully set out herein.

5

20. Defendant discriminated against Plaintiff in the terms and conditions of her employment on account of her Hispanic and Dominican background, on account of her disabilities or the Defendant's perception of Plaintiff as disabled, and further retaliated against Plaintiff of account of her opposition to Defendant's unlawful and discriminatory employment practices, culminating in the termination of Plaintiff's employment.

21. Plaintiff filed a timely administrative complaint against Defendant based on the foregoing facts with the Connecticut Commission on Human Rights and Opportunities. Thereafter, Plaintiff received a Release of Jurisdiction letter, a copy of which is attached hereto as EXHIBIT A. This Action is brought within 90 days of receipt of said letter. As such, this Action is timely and Plaintiff has exhausted her administrative remedies.

22. As a result of Defendant's unlawful conduct, as aforesaid, Plaintiff has sustained lost wages and benefits of employment, has been deprived of the benefits of gainful employment into the future, has sustained significant emotional distress damages, and has incurred attorneys' fees and costs in order to secure her rights as guaranteed under the Connecticut Fair employment Practices Act.

PLAINTIFF,
GRISELLE WOLKA

By: _____
Matthew D. Paradisi
Cicchiello & Cicchiello, LLP
364 Franklin Avenue
Hartford, CT 06114
Tel: (860) 296-3457
Fax: (860) 296-0676
Juris No.: 419987
Email: mparadisi@cicchielloesq.com

6

| | |
|---|---|
| RETURN DATE:   AUGUST 28, 2018 | SUPERIOR COURT |
| GRISELLE WOLKA | J.D. OF STAMFORD |
| VS. | AT STAMFORD |
| WATERTON RESIDENTIAL, LLC | JULY 24, 2018 |

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

1. Money damages;
2. Reinstatement or front pay;
3. Allowable costs;
4. Reasonable attorneys' fees; and
5. All other awardable relief the Court deems just and proper.

PLAINTIFF,
GRISELLE WOLKA

By: _____
Matthew D. Paradisi
Cicchiello & Cicchiello, LLP
364 Franklin Avenue
Hartford, CT 06114
Tel: (860) 296-3457
Fax: (860) 296-0676
Juris No.: 419987
Email: mparadisi@cicchielloesq.com

7

| | | |
|---|---|---|
| RETURN DATE: AUGUST 28, 2018 | : | SUPERIOR COURT |
| GRISELLE WOLKA | : | J.D. OF STAMFORD |
| VS. | : | AT STAMFORD |
| WATERTON RESIDENTIAL, LLC | : | JULY 24, 2018 |

## STATEMENT OF AMOUNT IN DEMAND

The amount in demand exceeds $15,000.00, exclusive of interests and costs.

PLAINTIFF,
GRISELLE WOLKA

By: _____
Matthew D. Paradisi
Cicchiello & Cicchiello, LLP
364 Franklin Avenue
Hartford, CT 06114
Tel: (860) 296-3457
Fax: (860) 296-0676
Juris No.: 419987
Email: mparadisi@cicchielloesq.com

# EXHIBIT A

## STATE OF CONNECTICUT
## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

Griselle Wolka
**COMPLAINANT**

CHRO No. 1820236
EEOC No. 16A201800498

vs.

Waterton Residential, LLC
**RESPONDENT**

### RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Respondent transacts business or in which the Complainant resides. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought pursuant to this release must be served on the Commission at ROJ@ct.gov or at 450 Columbus Blvd., Suite 2, Hartford, CT 06103 at the same time all other parties are served. Electronic service is preferred. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

DATE: June 21, 2018

Tanya A. Hughes, Executive Director

Service:
**Complainant's Attorney:** Matthew D. Paradisi (Via Email – mparadisi@cicchielloesq.com)
**Respondent's Attorney:** Ashley Tortorica, Esq.
(Via Email - Ashley.tortorica@ogletreedeakins.com)