UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GRISELLE WOLKA               :     CIVIL ACTION NO.
                                    :     3:18-cv-01444-JCH
          Plaintiff,           :

                                    :
   v.                               :
                                    :

WATERTON RESIDENTIAL, LLC,    :
                                    :
          Defendant.         :     OCTOBER 1, 2018

**DEFENDANT'S ANSWER & DEFENSES TO PLAINTIFF'S COMPLAINT**

     Defendant Waterton Residential, LLC ("Waterton" or "Defendant"), by and through its undersigned counsel, hereby responds to Plaintiff Griselle Wolka's ("Plaintiff") Complaint dated July 24, 2018 ("Complaint").

**COUNT ONE**
**RACE/NATIONAL ORIGIN DISCRIMINATION IN VIOLATION**
**OF CONN. GEN. STAT. § 46A-60(B)(1)**

     1.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 1 of the Complaint and, therefore, denies.

     2.     Admitted.

     3.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 3 of the Complaint and, therefore, denies.

     4.     Denied that Defendant perceived Plaintiff as disabled.  Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 4 of the Complaint and, therefore, denies.

     5.     Admitted, except deny that Plaintiff first began employment with Defendant in October 2014.

     6.     Denied.

7.      Denied.

8.      Denied.

9.      Denied, except admit that Plaintiff received written warnings during her employment with Defendant.

10.     Denied.

11.     Denied.

12.     Denied.

13.     Denied.

14.     Denied.

15.     Denied, except admit that on or around July 6, 2017, Plaintiff received a final written warning, the content of which speaks for itself.

16.     Denied, except admit that on or around July 7, 2017, Plaintiff sent an email to Defendant, the content of which speaks for itself.

17.     Denied.

18.     Admitted.

19.     Denied, except admit that Plaintiff's employment with Defendant was terminated on or around July 12, 2017.

20.     Denied.

21.     Denied, except admit that on or around November 29, 2017, Plaintiff filed a charge with the Connecticut Commission on Human Rights and Opportunities ("CHRO") and that on or around June 21, 2018, the CHRO issued a Release of Jurisdiction.

22.     Denied.

## COUNT TWO
## DISABILITY DISCRIMINATION IN VIOLATION OF CONN. GEN. STAT. § 46(A)(1)

1.     Defendant adopts and incorporates its responses to Paragraphs 1-19 of Count One as Defendant's response to Paragraphs 1-19 of Count Two of the Complaint.

20.     Denied.

21.     Denied.

22.     Denied.

## COUNT THREE
## RETALIATION IN VIOLATION OF CONN. GEN. STAT. § 46(A)-60(B)(4)

1.     Defendant adopts and incorporates its responses to Paragraphs 1-19 of Count One as Defendant's response to Paragraphs 1-19 of Count Three of the Complaint.

20.     Denied.

21.     Denied.

22.     Denied.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof of such defenses that it would not otherwise have, Defendant affirmatively asserts the following defenses:

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims fail because she was treated in a legitimate, non-discriminatory/non-retaliatory manner.

3

### THIRD DEFENSE

At all times relevant, Defendant acted in good faith and did not violate any rights that may be secured to Plaintiff under any federal or state laws, rules, regulations or guidelines.

### FOURTH DEFENSE

Plaintiff's Complaint should be dismissed because all actions taken by Defendant with respect to Plaintiff were undertaken in good faith and for legitimate business reasons.

### FIFTH DEFENSE

Defendant states that it maintained a policy prohibiting harassment, discrimination and retaliation, and a procedure for the resolution of complaints alleging harassment, discrimination and retaliation and otherwise exercised reasonable care to prevent unlawful behavior in the workplace.

### SIXTH DEFENSE

Plaintiff's Complaint is barred, in whole or in part, because Defendant exercised reasonable care to prevent and correct promptly any harassing, discriminatory or retaliatory conduct and because Plaintiff unreasonably failed to properly take advantage of any preventive or corrective opportunities provided by the Defendant or to avoid harm otherwise.

### SEVENTH DEFENSE

Any claim for compensatory damages is barred to the extent Plaintiff is unable to establish harm caused by Defendant's alleged actions.

### EIGHTH DEFENSE

To the extent that Plaintiff failed to mitigate, minimize or avoid any damages allegedly sustained, any recovery against Defendant must be reduced accordingly.

## NINTH DEFENSE

The damages and relief sought in Plaintiff's Complaint are, in whole or in part, not legally authorized.

## TENTH DEFENSE

The Complaint fails to state facts sufficient to sustain a claim for, or recovery of, punitive damages.

## ELEVENTH AFFIRMATIVE DEFENSE

An award of punitive damages would be contrary to Defendant's good faith efforts to comply with the law.

## TWELFTH DEFENSE

Defendant states that, to the extent that Plaintiff engaged in misconduct during her employment that would have resulted in her termination had Defendant been aware of said misconduct, Plaintiff's claims should be barred for her having engaged in said misconduct.

## THIRTEENTH DEFENSE

The Complaint is barred, in whole or in part, by the applicable statutes of limitations.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent she relies on allegations of conduct that occurred more than 180 days prior to the filing of her administrative complaint.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent she relies on allegations of conduct that occurred more than 300 days prior to the filing of her administrative complaint.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that they exceed the scope of, or are inconsistent with, her Charge of Discrimination filed with the Connecticut Commission on Human Rights and Opportunities.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred to the extent that she failed to exhaust her administrative remedies or otherwise comply with conditions precedent to the maintenance of this action

## EIGHTEENTH DEFENSE

The Complaint is barred, in whole or in part, by the equitable doctrines of estoppel, laches, and/or unclean hands.

Defendant reserves the right to assert additional defenses as they become available during the course of the pending investigation.

WHEREFORE, Defendant respectfully requests that the Court enter judgment in Defendant's favor on all counts and grant Defendant any and all such other relief as the Court may deem just and proper.

DEFENDANT,
WATERTON RESIDENTIAL, LLC

By____/s/ Kelly Cardin_____
Kelly M. Cardin (CT29162)
kelly.cardin@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
281 Tresser Boulevard, Suite 602
Stamford, CT 06901
Telephone: 203-969-3100
Facsimile: 203-969-3150

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically through the Court's Electronic Filing System ("ECF") and email notification was sent to all parties.  Parties unable to receive notifications through the Court's ECF system were sent copies by regular U.S. Mail on this 1st day of October, 2018.

/s/ *Kelly M. Cardin*
Kelly M. Cardin

35670843.1